In re ALLIED–SIGNAL, INC., Successor in Interest to Allied Corp., Successor in Interest to The Bendix Corporation, Petitioner.

No. 90–3692.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 16, 1990.

Order Aug. 17, 1990.

Decided Aug. 27, 1990.

D. Michael Grodhaus, Thomas G. Hermann, Mitchel B. Axler, Squire, Sanders & Dempsey, Cleveland, Ohio, for petitioner.

T. Eble, for respondent.

Thomas D. Lambros, pro se.

## ORDER

Aug. 17, 1990

Before MARTIN and JONES, Circuit Judges, and SILER, Chief District Judge.*

This matter came before this court on petitioner Allied–Signal's petition for writ of mandamus and writ of prohibition. With respect to the petition for a writ of mandamus, Allied–Signal asks this court to direct the United States District Court for the Northern District of Ohio to vacate its orders known as Ohio Asbestos Litigation (OAL) Order 96, 96(a), 96(b), 96(c), and 96(d). Because Order 96(f), issued by the district court on August 13, 1990, vacates the previous orders of that court, we find that Order 96(f) moots any issue regarding the appropriateness of any class certification.

■ With respect to the petition for the writ of prohibition, Allied–Signal asks this court to prohibit "the 'ad hoc national coordinating committee' established by OAL Order 96 from taking any judicial action with respect to asbestos-related personal injury." Article III, Section 1 of the United States Constitution states that "[t]he judicial power of the United States shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish." Unless Congress has granted jurisdiction to the courts, Article III limits the ability of district courts to act. *See American Fire and Cas. Co. v. Finn,* 341 U.S. 6, 17–18, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951). This panel acknowledges and strongly reaffirms this basic principle of limited jurisdiction and is unable to find any congressional authority for an "ad hoc national coordinating committee" to issue orders as an Article III court.

At oral argument, Judge Lambros conceded the aforementioned. As a result, Judge Lambros has agreed to make the following modifications in his orders: (1)

Order 96(f) shall be vacated, except for its vacating of the previous Orders 96 *et seq.*; (2) the "In Re: National Asbestos Litigation Order" of August 10, 1990, to the extent that it was filed in the Northern District of Ohio and consolidates any cases of the Northern District of Ohio, shall be considered a nullity because of the ad hoc committee's lack of Article III jurisdiction; and (3) a new order shall be issued to clarify that the September 14, 1990 hearing is not to "show cause," but rather for the purpose of addressing the five petitions for class certification pursuant to Fed.R.Civ.P. 23. The new order shall indicate that notice be sent to all other interested parties.

■ "The petitioners ... bear a heavy burden in showing that mandamus is the proper remedy. Mandamus is an extraordinary remedy, and it will only be granted when the petitioner shows that 'its right to issuance of the writ is clear and indisputable.'" *In re Bendectin Products Liability Litigation,* 749 F.2d 300, 303 (6th Cir.1984) (citations omitted). " 'Only exceptional circumstances amounting to a judicial "usurpation of power" will justify the invocation of this extraordinary remedy.'" *Id.* (citation omitted). This Court, while inclined to hold on the basis of the record that such a usurpation has occurred, will nonetheless forbear doing so in light of Judge Lambros's concessions and agreement at oral argument. Accordingly, it is unnecessary for the court to excercise our power under the All Writs Act, 28 U.S.C. § 1651. The petition for the Writ of Mandamus and Prohibition will be DENIED, effective upon the entry by the district court of the order herein described.

## ORDER

Aug. 27, 1990

Before MARTIN and JONES, Circuit Judges, and SILER, Chief District Judge.*

On August 16, 1990, this court convened to consider petitioner's request for a writ

---

* The Honorable Eugene Siler, Jr., Chief District Judge for the Eastern District of Kentucky, sitting by designation.

* The Honorable Eugene Siler, Jr., Chief District Judge for the Eastern District of Kentucky, sitting by designation.

of prohibition and a writ of mandamus. Petitioner sought to compel Chief Judge Thomas Lambros of United States District Court for the Northern District of Ohio to vacate a series of orders issued under the heading "Ohio Asbestos Litigation"[1] (hereinafter "OAL Orders"). At the hearing, this court questioned the jurisdictional basis of the OAL Orders, in that these Orders purported to create an "ad hoc national coordinating committee" to implement a structure for the resolution of cases within and beyond the Northern District of Ohio. A September 14, 1990 hearing had been scheduled, apparently in an effort to implement the August 10 Order entitled "In re: National Asbestos Litigation". Recognizing a lack of jurisdiction to affect parties outside of the Northern District of Ohio, Judge Lambros agreed to nullify the OAL Orders and to institute ordinary class certification proceedings under Federal Rule of Civil Procedure 23 with respect to pending "motions" on the part of five plaintiffs. Of course, it need hardly be stated here that under Rule 7 of the Federal Rules of Civil Procedure, an action is commenced with the filing of a complaint rather than a motion.[2] Our obligation is to make clear to the district court, as well as all litigants, the substance and contours of our Orders.

■ On August 17, 1990, this court issued a written Order provisionally denying the writs because Judge Lambros had orally agreed to vacate the OAL Orders and to initiate Rule 23 proceedings for the purposes of considering the five outstanding "motions" for class certification.[3] In addition, our August 17 Order required Judge Lambros to ensure that the September 14 hearing would be solely for the purposes of addressing the five "motions" for class certification. It goes without saying that this hearing may proceed only on the condition that all interested parties are given proper and timely notice of the hearing in accordance with the requirements of Rule 23.

On August 20, 1990, Judge Lambros issued "OAL ORDER 102 CLARIFYING, MODIFYING, AND SUPPLEMENTING PREVIOUS ORDERS REGARDING PENDING MOTIONS FOR CLASS ACTION CERTIFICATION" (hereinafter "Order 102"). Although Order 102 does not refer to this court's August 17 Order, we take it to be Judge Lambros' response to our Order. While Order 102 does vacate the OAL Orders as we required, we still find two aspects problematic: the characterization of the September 14 meeting and what we can only construe as Judge Lambros' continued attempts to act beyond his jurisdiction. Order 102 does not acknowledge the jurisdictional limitations within which a district court operates. Instead, Order 102 states that the September 14 hearing shall address "[m]ethods to obtain and essential elements of a national resolution to the asbestos-related personal injury litigation ... [and] [d]esignation of a steering committee comprised of representatives of both plaintiffs and defendants so as to include a broad spectrum of parties." A third topic to be addressed at the September 14 hearing is "[d]iscovery and further hearings on the pending class action motions[.]" Order 102 also contains numerous references to the ongoing movement toward a "global" resolution of this litigation. Those references fall outside the letter and the spirit of this court's August 17 Order.

We therefore conclude that Order 102 fails to comply with this court's Order of August 17. We act pursuant to the August 17 Order in which jurisdiction was retained pending the filing of a complying Order by the district court.

Order 102 clearly contemplates that the scope of the District Court September 14

---

**1.** Specifically, our Order of August 17 addressed itself to Ohio Asbestos Litigation Orders 96, 96(a)–(f), and the "In re: National Asbestos Litigation Order" of August 10, 1990.

**2.** It is not clear from the record before us whether these pending matters were filed in accordance with the requirements of Rule

23(c)(1). To the extent any or all of them were not, it is assumed that the district court will take the necessary steps to correct the defects.

**3.** A sixth class action, *James D. Sprague et al. v. Cove Shipping Company, Inc., et al.* was cited in Order 102.

hearing will be much broader than is permitted under the August 17 Order. To the extent that the September 14 hearing is intended as a forum for the discussion of a "national resolution to the asbestos-related personal injury litigation" or for the "designation of a steering committee", it violates our August 17 Order. Further, as our August 17 Order intended, but may not have made abundantly clear, any hearing held by Judge Lambros regarding a pending "motion" or future action for class certification must follow the strictures of Rule 23. Rule 23(a) states that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all[.]" This, of course, would require Judge Lambros in each of the pending, appropriately-filed class actions to make Rule 23(a) findings as to the impracticability of joinder, commonality, typicality, and the adequacy of representation, as well as to determine by Order if the class action is maintainable under Rules 23(b) and (c)(1).

Although our August 17 Order recognized that mandamus is an extraordinary remedy to be sparingly used, we also noted that "on the basis of the record ... a usurpation [of power by the district court] has occurred[.]" August 17 Order at 2. Moreover, this court has recognized that mandamus is proper not only in "egregious jurisdictional violations" but in instances of "more mundane usurpations of power". *Skil Corp. v. Millers Falls Co.*, 541 F.2d 554, 557 n. 3 (6th Cir.), *cert. denied*, 429 U.S. 1029, 97 S.Ct. 653, 50 L.Ed.2d 631 (1976). In addition, the Supreme Court has stated that mandamus is to be " 'used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.' " *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976) (citation omitted).

We reiterate the aforestated. Nevertheless, at this time we decline to issue a writ of mandamus or prohibition. However, because Order 102 does not comply with our August 17 Order, Judge Lambros, with the benefit of this guidance, is directed to vacate Order 102 and to issue a new Order in compliance with this Order and with the August 17 Order. Accordingly, once again, the petition for a Writ of Prohibition and Mandamus will be DENIED, with the effective date of said denial being the entry by the district court of the Order herein directed.